Citation Nr: 1702615 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-26 944 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent from April 1, 2007, to January 19, 2012, for service-connected post-operative patellar realignment, right knee with ligament laxity.

2. Entitlement to a disability rating in excess of 10 percent prior to January 19, 2012, for service-connected post-operative degenerative joint disease of the right knee.

3. Entitlement to a disability rating in excess of 30 percent from March 1, 2013, to August 19, 2014, and in excess of 60 percent thereafter for service-connected total right knee replacement.

4. Entitlement to a disability rating in excess of 10 percent for service-connected residuals of meniscectomy of the left knee with post-operative patellar realignment and ligament laxity.

5. Entitlement to a disability rating in excess of 10 percent for service-connected degenerative joint disease of the left knee.

6. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to August 19, 2014.


REPRESENTATION

Appellant represented by: AMVETS


ATTORNEY FOR THE BOARD

S. Dow, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1981 to October 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. 

In the September 2007 rating decision, following surgery for arthroscopic debridement, the Veteran received a 100 percent rating from February 8, 2007 to April 1, 2007 for service-connected post-operative patellar realignment with ligament laxity of the right knee. Following the convalescence period, the Veteran's rating continued at 10 percent from April 1, 2007. The RO continued the 10 percent ratings for post-operative degenerative joint disease of the right knee and residuals of a meniscectomy with post-operative patellar realignment and ligament laxity of the left knee. Lastly, the RO granted service connection and assigned an initial 10 percent rating for degenerative joint disease of the left knee, effective February 26, 2007.

The matters were previously before the Board in July 2010 and remanded for further development and adjudication. In an April 2014 rating decision, the RO granted a 100 percent rating for total knee replacement effective January 19, 2012, and 30 percent rating effective March 1, 2013. The previously assigned separate ratings for degenerative joint disease and ligament laxity were discontinued as of January 19, 2012. Thus, the Board has recharacterized the issues regarding right knee as noted on the title page.

In a February 2015 rating decision, the RO increased the rating for the right knee total replacement to 60 percent, effective August 19, 2014. In the same decision, the RO awarded entitlement to TDIU, effective from August 19, 2014. The effective date of that award has not been appealed; however, a TDIU is a derivative claim to a claim for an increased rating, and not necessarily a freestanding claim. See Rice v. Shinseki, 22 Vet. App. 447 (2009). Inasmuch as a TDIU may be available prior to August 19, 2014, and the Veteran has indicated that he has been unemployed since December 2004 due to service-connected knee disabilities, (see VA Form 21-8940 received in August 2010) the Board finds that the TDIU issue remains part of the pending appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board remanded the Veteran's claims in July 2010 for additional development. Once completed, the Veteran's claims were to be readjudicated and, if remained denied, a Supplemental Statement of the Case (SSOC) was to be provided to the Veteran and his representative.

The AOJ will issue a Supplemental Statement of the Case if, pursuant to a remand by the Board, it develops the evidence or cures a procedural defect, unless the only purpose for the remand is to assemble records previously considered by the AOJ and properly discussed in a prior Statement of the Case or Supplemental Statement of the Case, or the Board specifies in the remand that a Supplemental Statement of the Case is not required. 38 C.F.R. § 19.31(c)(2016). 

The RO developed evidence pursuant to the remand and the Board clearly specified that a SSOC was to be provided to the Veteran if his claims remained denied. Such has not been accomplished. The Veteran's representative argued that because as SSOC has not been issued, the Board's remand has not been complied with. The Board agrees. Consequently, the Board must remand the Veteran's claims.

Finally, the Board sent the Veteran a letter in January 2016 advising him that his appeal had been returned to the Board's docket. That letter was returned to the Board unopened and marked "unable to forward." To ensure due process, the Veteran's current address must be obtained.

Accordingly, the case is REMANDED for the following action:

1. Take all appropriate action, including any assistance from the Veteran's representative, to ascertain the Veteran's current address. 

2. After completing the requested actions, and any additional notification and/or development deemed warranted, the RO should readjudicate the issues on appeal and furnish to the Veteran and his representative an appropriate SSOC, which considers the evidence submitted since the April 2010 SSOC was issued, and afford a reasonable opportunity for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for 


Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).